**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SARAH HANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case no. 15-cv-2227-DDC-TJJ |
| | ) |
| THE UNIVERSITY OF KANSAS HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend Civil and Employment Discrimination Complaint (ECF No. 16). Plaintiff seeks leave to amend her complaint to add claims of (1) invasion of privacy and (2) civil conspiracy. Upon consideration of the matter, the Court denies Plaintiff's motion.

**I.   Factual Background**

Plaintiff commenced the underlying action on January 15, 2015, by filing a complaint[1] asserting claims for discrimination under Title VII of the Civil Rights Act of 1964, fraud, breach of verbal contract, "to have contract written null and void," a HIPAA[2] violation, negligent training of employees on HIPAA, sexual harassment, retaliation, intentional infliction of emotional distress, and mental anguish.[3] On March 13, 2015, Defendant filed a Motion to

---

[1] ECF No. 1.

[2] Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg, 29 U.S.C. § 1181 *et seq.*, 42 U.S.C. § 1320d. *et seq.*, 45 C.F.R. § 164.

[3] ECF No. 1 at 1–2.

Dismiss Plaintiff's Complaint in its Entirety,[4] which remains pending. On April 23, 2015, Plaintiff filed the instant motion.

In her original complaint and supporting affidavits, Plaintiff's allegations relate to incidents which occurred during her employment with one division of Defendant's hospital authority from September, 2011 to January, 2012 and with another division from February to June, 2012.[5] Under an April 30, 2015 Settlement Agreement, Plaintiff agreed to (among other things) (1) withdraw her charge of discrimination against Defendant (2) not sue Defendant in relation to her employment, and (3) not seek employment or disparage Defendant in any way.[6]

## II.  Plaintiff's Proposed New Claims Against Defendant

Plaintiff seeks leave to amend her complaint to assert claims of invasion of privacy and civil conspiracy against Defendant. Plaintiff repeats factual allegations listed in her original complaint and/or supporting affidavits, but also alleges that one of Defendant's employees questioned a friend of the Plaintiff and discovered confidential information.[7] Plaintiff additionally alleges that she was made to "look like a criminal and . . . to be assaulted with a torture drug to have covered up as a 'mental illness.'"[8] Plaintiff's sentences are difficult to follow, her allegations largely relate to individuals who have no relationship with Defendant, and she fails to explain how an application of the legal elements of invasion of privacy and civil conspiracy to her factual allegations could result in a finding of liability.

---

[4] ECF No. 9.

[5] ECF No. 1 at 11–13; Exhibit A at 17–18 (ECF No. 16-3).

[6] ECF No. 9-1.

[7] ECF No. 16 at 2.

[8] *Id.*

2

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. A party may amend a pleading "once as a matter of course" before trial if done so within (A) 21 days after serving it, or (B) if a responsive pleading is required, 21 days after the responsive pleading is served or 21 days after a Rule 12(b), (e), or (f) motion is served, whichever is earlier.[9] Rule 15(a)(2) provides that, thereafter, a party may amend its pleading only with the consent of the opposing party or with the court's leave. Under this rule, a court should freely give leave to amend "when justice so requires."[10] Further, a court should only refuse to grant leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[11] A motion to amend is futile when the proposed amendment does not state a claim upon which relief may be granted.[12] If the proposed changes are found to be futile, a court may deny a motion to amend.[13]

### A.   Invasion of Privacy

Plaintiff seeks to add a claim of invasion of privacy, based on comments she alleges that medical personnel at the University of Kansas Hospital made about her while she was employed by Defendant. Defendant contends that any such claim is barred by the applicable statute of limitations. Defendant correctly notes that the Kansas statute of limitations for invasion of

---

[9] Fed R. Civ. P. 15(a)(1).

[10] Fed R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[12] *Mountain View Pharmacy v. Abbott Labs.,* 600 F.2d 1383, 1389 (10th Cir. 1980).

[13] *Mochama v. Butler Cnty., Kan.,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citations omitted).

privacy is two years.[14] Defendant also points out that Plaintiff's diary, written in her own words, describes the events leading to her invasion of privacy claim as occurring between March and May of 2012.[15] K.S.A. § 60-513(a)(4) sets forth the statute of limitations that applies to invasion of privacy claims[16] and § 60-513(b) indicates that the period of limitation commences once the "fact of the injury becomes reasonably ascertainable to the injured party." The period of limitations commenced when the actual events leading to the claims began and not, as Plaintiff alleges, when Plaintiff and Defendant entered into a settlement agreement. The limitations period ended, at the latest, in May of 2014. Because Plaintiff filed her complaint on January 15, 2015, a claim of invasion of privacy falls outside the statute of limitations, and "[w]here a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."[17]

Plaintiff appears to argue that her invasion of privacy claim was "within my two years" because of an incident involving procuring a surrogate baby through Facebook.[18] The allegations bear no relationship to Defendant or its employees. Plaintiff's claim of invasion of privacy is futile and the Court denies Plaintiff's motion to include this claim in her complaint.

---

[14] *See* ECF No. 23 at 6 (citing *Newcomb v. Ingle*, 827 F.2d. 675, 678 (10th Cir. 1987) and K.S.A. § 60-513(a)(4) (explaining that invasion of privacy is to be treated as within a statutory category of torts claims for which the statute of limitations is two years.)).

[15] Plaintiff's Exhibit 1 at 1, 2-3, 5, 7-11 (ECF No. 16-3).

[16] *Newcomb*, 827 F.2d. at 678.

[17] *Mountain View*, 600 F.2d at 1389 (quoting *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1969)).

[18] ECF No. 3 at 5.

**B.     Civil Conspiracy**

Plaintiff also seeks to add a civil conspiracy claim against Defendant, "to get out of a lawsuit," because "[Defendant made] me look like a criminal and to for me to be assaulted with a torture drug to have covered up as a 'mental illness.'"[19] In Kansas, "the elements of a civil conspiracy include: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Conspiracy is not actionable without commission of some wrong giving rise to a cause of action independent of the conspiracy."[20] Thus, to state a claim for conspiracy, Plaintiff must allege that Defendant has committed a wrong in connection with another plausible claim.

Plaintiff alleges no facts relating to an independent wrong, nor does she allege facts related to any of the elements of conspiracy. "[T]o get out of a lawsuit" is not a valid independent action to which a conspiracy claim may attach. Nor is overhearing "I think she is crazy" by a café employee, among other claims.[21] In her reply, Plaintiff appears to argue that the civil conspiracy claim was in relation to being fraudulently induced to sign the Settlement Agreement by "[government] agents, Facebook friends such as Eric Weyer and… Shauna Smart."[22] These allegations do not state a claim against Defendant, and the Court finds that Plaintiff's claim that Defendant used two of Plaintiff's Facebook friends and an internet hoax to

---

[19] ECF No. 16 at 2.

[20] *Stoldt v. City of Toronto*, 678 P.2d 153, 161 (Kan. 1984) (citations omitted).

[21] ECF No. 16 at 3.

[22] ECF No. 30 at 3.

5

discriminate or harass her is simply not "plausible."[23] Plausibility is not meant to be an unbearable standard, but the alleged facts must allow the court to draw a reasonable inference from those allegations that is at least more than a mere *possibility*.[24] Because this conspiracy claim is merely speculative and would not survive a motion for dismissal, the Court denies as futile Plaintiff's motion insofar as it seeks to add a claim for civil conspiracy.

Plaintiff's new claims as set forth in her purported amended complaint fail to state a claim upon which relief may be granted. Amending her complaint to include either claim would therefore be futile.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend Civil and Employment Discrimination Complaint (ECF No. 16) is **DENIED**.

Dated this 22nd day of July, 2015.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge

---

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[24] *Id.*