UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARAH HANLEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE UNIVERSITY OF KANSAS )<br>HOSPITAL, )<br>)<br>Defendant. ) | Case No. 15-CV-2227-DDC-TJJ |

## MEMORANDUM AND ORDER

Plaintiff commenced this action *pro se* on January 15, 2015 by filing a Complaint (ECF No. 1) alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, sexual harassment, retaliation and other state law causes of action and naming the University of Kansas Hospital as Defendant. This matter comes before the Court on Plaintiff's Request for Order of Protection of Case Records (ECF No. 24), which the Court construes as a motion to seal the case. Defendant opposes the motion. For reasons that follow, the Court denies the motion.

Federal courts have long recognized a common law right of access to judicial records.[1] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[2] The public's right of access, however, is not absolute.[3] The Court therefore has discretion to seal

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[2] *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

[3] *Helm*, 656 F.3d at 1292.

documents if competing interests outweigh the public's right of access.[4]  In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[5]  The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[6]

In her motion, Plaintiff asserts that she has personal private medical information that needs to be protected from Defendant's employees and the public.  She repeats allegations of rape and battery against a physician who Defendant denies is its employee, and states that she does not want anyone else unnecessarily accessing this case because "it could place me in danger."[7]  Plaintiff provides no legal support for her request, does not explain why she needs protection or what protection she needs, and does not specify how she could be in danger.

Defendant's position is that Plaintiff has concocted the events she alleges in her complaint and accompanying documents.  This position is consistent with that taken in Defendant's pending motion to dismiss.[8]  Defendant also points out that Plaintiff has offered no authority or any evidence to support her request to seal the case.

The Court notes that Defendant has not filed or attempted to submit any documents which relate to or discuss Plaintiff's private medical information, other than to repeat what Plaintiff has alleged.  Plaintiff has not presented any argument or evidence to meet her burden to

---

[4] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[5] *Helm*, 656 F.3d at 1292; *Dobbins*, 616 F.2d at 461.

[6] *Helm*, 656 F.3d at 1292; *Mann*, 477 F.3d at 1149.

[7] ECF No. 24 at 1.

[8] ECF No. 9.

show some significant interest that overcomes the presumption of public access to the documents filed in this case. Accordingly, the Court denies Plaintiff's request to seal.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Order of Protection of Case Records (ECF No. 24) is DENIED.

Dated in Kansas City, Kansas this 22nd day of July, 2015.

<u>s/  Teresa J. James</u>
Teresa J. James
United States Magistrate Judge