IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARAH HANLEY,

    Plaintiff,

v.

THE UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY,[1]

    Defendant.

Case No. 15-CV-02227-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Sarah Hanley, proceeding *pro se*, filed this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964[2] ("Title VII"), breach of a Title VII settlement agreement, a HIPAA[3] violation, and various state law claims. *See* Doc. 1. This matter comes before the Court on plaintiff's Request to Close Case (Doc. 33), which the Clerk of our Court docketed as a motion to dismiss. In this filing, plaintiff asks the Court "to close the pending claims against The University of Kansas Hospital as o[f]" March 28, 2016, the day plaintiff filed the request.

---

[1] Plaintiff named The University of Kansas Hospital as defendant in the caption of the Complaint, but the University of Kansas Hospital Authority ("UKHA") is the proper title for defendant because plaintiff's allegations relate to a settlement agreement reached with UKHA. Under Kansas law, UKHA is an independent instrumentality of the state that has the capacity to sue and be sued in its own name. *See* K.S.A. § 76–3304(a); K.S.A. § 76–3308(a)(4); *Hadja v. Univ. Kan. Hosp. Auth.*, 356 P.3d 1, 7 (Kan. Ct. App. 2015). Plaintiff's later filings have updated the caption to identify UKHA as the proper defendant. *See* Docs. 13, 15, 16, 24, 25, 27, 30, 33. The Court thus refers to defendant as UKHA.

[2] 42 U.S.C. §2000e, *et seq.*

[3] Health Insurance Portability and Accountability Act, 42 U.S.C. § 300gg, 29 U.S.C. § 1181 *et seq.*, 42 U.S.C. § 1320d *et seq.*, 45 C.F.R. § 164.

1

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgement." Here, UKHA has not filed an answer or a motion for summary judgment. Thus, our rules grant plaintiff the right to dismiss her case under Rule 41(a)(1) without court authorization. *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (noting that plaintiff has an absolute right to dismiss without prejudice under Rule 41(a)(1)(i)). Given this right, the Court liberally construes plaintiff's filing as a notice of voluntary dismissal of her action against UKHA. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (when the Court considers a *pro se* litigant's pleadings, it construes them liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers); *see also Mitchell v. McGovern*, No. 07-3318-SAC, 2008 WL 2050960, at *1 (D. Kan. May 13, 2008) (liberally construing *pro se* plaintiff's motion for dismissal of complaint as a notice of voluntary dismissal under Rule 41(a)(1) where no responsive pleading was filed); *Thompson v. Berg*, No. 06-2460-JWL, 2007 WL 2010931, at *1 (D. Kan. July 6, 2007) (construing *pro se* plaintiff's motion to voluntarily dismiss the case as a notice of voluntary dismissal because plaintiffs were entitled to dismissal without prejudice as a matter of right under Rule 41(a)(1)); *Gagan v. Eid*, No. 07-cv-00112-BNB, 2007 WL 1499782, at *1 (D. Colo. May 17, 2007) (liberally construing *pro se* plaintiff's motion to dismiss as a notice of voluntary dismissal under Rule 41(a)(1)); *Bartosiewicz v. Mesa Cty. Med. Provider*, No. 06 CV 00210 BNB, 2006 WL 1050136, at *1 (D. Colo. Apr. 20, 2006) (same).

"A voluntary dismissal under Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary." *Cooper v. Roberts*, No. 09-cv-02218-ZLW, 2009 WL 4042065, at *1 (D. Colo. Nov. 18, 2009) (citations omitted).

So, plaintiff's dismissal is effective as of March 28, 2016, the date she filed her request with the Court. In addition, under Rule 41(a)(1)(B), this dismissal is one without prejudice absent a showing that "plaintiff previously dismissed any federal- or state-court action based on or including the same claim . . . ."

Plaintiff's dismissal of her case renders all motions pending in the case moot. *See Thompson*, 2007 WL 2010931, at \*1 (noting that after a dismissal under Rule 41(a)(1)(i) the court lacks jurisdiction over pending motions). The Court thus directs the Clerk to terminate Doc. 9 (UKHA's Motion to Dismiss Plaintiff's Complaint in its Entirety).

Objections to this Order construing plaintiff's request as a voluntary dismissal without prejudice may be filed with the Court as a Rule 59(e) motion to alter or amend a judgment within 28 days of the entry of this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that plaintiff's Request to Close Case (Doc. 33) is construed as a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). The Court thus directs the Clerk to amend the docket for Doc. 33 to reflect that this filing is a notice.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's voluntary dismissal without prejudice is effective March 28, 2016, the date the notice was filed in this action.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant University of Kansas Hospital Authority's pending Motion to Dismiss Plaintiff's Complaint in its Entirety (Doc. 9) is denied as moot. The Court thus directs the Clerk to terminate Doc. 9.

**IT IS SO ORDERED.**

**Dated this 30th day of March, 2015, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**